IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS WEISS,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:17-cv-01606 |
| | ) | |
| v. | ) | |
| | ) | |
| **KOHL'S DEPARTMENT STORES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, DOUGLAS WEISS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, KOHL'S DEPARTMENT STORES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DOUGLAS WEISS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Deerfield, County of Lake, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. KOHL'S DEPARTMENT STORES, INC., (hereinafter, "Defendant") is a business entity engaged in the selling of consumer products on credit within the State of Illinois. Defendant's principal place of business is located in the State of Wisconsin.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. At no time on or prior to December 13, 2016, did Plaintiff have a personal credit account with Defendant.

10. At no time on or before December 13, 2016, did Plaintiff apply to Defendant for any credit.

11. At no time on or prior to December 13, 2016, did Plaintiff owe a debt to Defendant.

12. At no time on or prior to December 13, 2016, did Plaintiff have a personal business relationship with Defendant.

13. Given the facts delineated above, prior to December 13, 2016, Defendant had no information in its possession to suggest that Plaintiff owed a debt to Defendant.

14. Given the facts delineated above, prior to December 13, 2016, had no information in its possession to suggest that Plaintiff applied to Defendant for any credit.

15. On or about December 13, 2016, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from the "consumer

reporting agency" Experian Information Solutions, as that term is defined by 15 U.S.C. §1681a(f).

16. At no time on or prior to December 13, 2016, did Plaintiff consent to Defendant accessing his individual and personal credit report.

17. On or about December 13, 2016, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

18. On or about December 13, 2016, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

19. On or about December 13, 2016, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

20. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

21. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

22. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on his individual credit accounts.

23. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

24. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

25. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

26. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as his current and past addresses; date of birth; employment history; and, telephone numbers.

27. On or about December 13, 2016, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

28. Defendant's access of Plaintiff's credit report will continue to be displayed on Plaintiff's credit report for two (2) years subsequent to December 13, 2016.

29. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b.

30. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and his credit information and an injury to his credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. **JURY DEMAND**

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOUGLAS WEISS, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**DOUGLAS WEISS**

By:    s/ Larry P. Smith
       Attorney for Plaintiff

Dated: March 1, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com